# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MANGINI and CHARLENE MANGINI,<br>    Plaintiffs,<br><br>    v.<br><br>CESAR BALDERAMMA, et al.,<br>    Defendants. | CIVIL ACTION<br><br>NO. 13-3868 |

## MEMORANDUM

Tucker, C. J.                                                                                                                              May 18, 2015

Currently before the Court is Defendant Gizeh Imports Distribution's Motion for Partial Summary Judgment (Doc. 17), Intervenor Plaintiff City of Philadelphia's Memorandum of Law in Response (Doc. 19), Defendant Gizeh Imports Distribution's Reply to Response to Motion (Doc. 20), Intervenor Plaintiff City of Philadelphia's Response in Opposition to Motion for Partial Summary Judgment (Doc. 22), and Defendant Gizeh Imports Distribution's Reply to Response (Doc. 23). Upon consideration of the parties' motions with briefs and exhibits, and for the reasons set forth below, the Court will grant Defendant Gizeh Imports Distribution's Motion for Partial Summary Judgment.

## I.    FACTUAL BACKGROUND[1]

Because the Court writes primarily for the parties, the Court sets forth only those facts that are relevant to its conclusion. On or about April 4, 2011, Plaintiff Nicholas Mangini ("Mr. Mangini"), a police lieutenant, employed by the Police Department of the City of Philadelphia, was operating a marked police vehicle when an automobile accident occurred between him and

---

[1]    The facts described herein are undisputed unless otherwise noted.

Defendant Cesar Balderamma ("Balderamma"), causing property damage and injuries to Mr. Mangini. Mr. Mangini alleges and Defendant Gizeh Imports and Distribution LLC ("Gizeh Imports") denies that at all material times, Balderamma was employed by Gizeh Imports, working in his capacity as an employee for that organization and following orders by management.

## II. RELEVANT PROCEDURAL HISTORY

This instant action was commenced by Plaintiffs Mr. Mangini and his wife Charlene Mangini ("Ms. Mangini") (collectively, "the Manginis") in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 3, 2013 and removed to the Eastern District of Pennsylvania on July 2, 2013. Mr. Mangini brings a Negligence claim against Balderamma while suing Gizeh Imports for Negligent Entrustment. Mr. Mangini also files claims against both Defendants for Property Damage and Storage/Rental Fees and Punitive Damages. Finally, Ms. Mangini brings a claim against all Defendants for Loss of Consortium. On motion from Defendant Gizeh Imports, this Court dismissed the Manginis' claims for Property Damage, Storage/Rental Fees, and Punitive Damages on October 28, 2013. Defendant Gizeh Imports filed the instant Motion for Partial Summary Judgment requesting dismissal of Mr. Mangini's claims for alleged loss of income on November 24, 2014. Intervenor Plaintiff City of Philadelphia ("the City") filed a Motion to Intervene on December 24, 2014, which was granted on April 14, 2015. The City filed a Response to Gizeh Imports' Motion on December, 24, 2014 and a Reply was filed on January 2, 2015. The City filed another Response in Opposition to Gizeh Imports' Motion on April 27, 2015 and a Reply was filed on May 1, 2015. The Court's analysis follows.

## III. LEGAL STANDARD

Summary judgment is awarded only when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *See Anderson*, 477 U.S. 248; *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 327 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Under Federal Rule of Civil Procedure 56(e), the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *See Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. 249 (citations omitted); *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns,*

*Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains. *See, e.g., Love v. Rancocas Hosp.*, 270 F. Supp. 2d 576, 579 (D.N.J. 2003); *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

## IV. DISCUSSION

Originally passed in 1984, the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") "abolished an employer's ability under Section 319 of the Workers' Compensation Act to subrogate its compensation payments against a claimant's motor vehicle tort recovery." *Stermel v. W.C.A.B. (City of Philadelphia)*, 103 A.3d 876, 878-79 (Pa. Commw. Ct. 2014). The MVFRL's original language stated:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits . . . or benefits in lieu thereof paid or payable under section 1719 (relating to coordination of benefits).

75 Pa. C.S. § 1720 (superseded); *Oliver v. City of Pittsburgh*, 11 A.3d 960, 961-63 (Pa. 2011). In 1990, the General Assembly of Pennsylvania replaced the "benefits in lieu thereof" language with the phrase "benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719." 75 Pa. C.S. § 1720; *Stermel*, 103 A.3d at 878-79.

Pennsylvania courts have interpreted both the pre-amendment and post-amendment versions of § 1720 as denying subrogation of benefits stemming from the Pennsylvania Heart and Lung Act ("HLA") where injuries arose from a motor vehicle accident. *Stermel*, 103 A.3d at 879 (citing *Fulmer v. Commonwealth of Pennsylvania, Pennsylvania State Police*, 647 A.2d 616, 618-19 (Pa. Commw. Ct. 1994)). In 1993, the Pennsylvania General Assembly enacted a statute known as "Act 44," which repealed the MVFRL insofar as it related to workers' compensation

payments or other benefits under the Workers' Compensation Act. Act of July 2, 1993, P.L. 190, No. 44 § 25(b) ("Act 44"); *Oliver*, 11 A.3d at 962; *Stermel*, 103 A.3d at 879.

In the instant matter, evidence provided by the parties shows that the City paid medical benefits and HLA benefits to Plaintiff Mr. Mangini until he was able to return to work. (Def.'s Mot. for Partial Summ. J., Exs. 3-4; Pl.'s Mem. in Resp., Exs. B-C.) Defendant Gizeh Imports argues that the MVFRL bars the City from being reimbursed for the benefits paid out to Mr. Mangini. In support of this position, Gizeh Imports cites, among other cases, *Oliver v. City of Pittsburgh*. In that case, the Pennsylvania Supreme Court decided whether Section 25(b) of Act 44 repealed the MVFRL insofar as it related to HLA benefits notwithstanding the fact that Act 44's language only mentioned workers' compensation payments and benefits. Before *Oliver*, various Pennsylvania courts held that given the similarity between HLA benefits and workers' compensation benefits, Act 44's language repealing the MVFRL in relation to workers' compensation benefits applied to HLA benefits as well. *See Brown v. Rosenberger*, 723 A.2d 745, 747 (Pa. Commw. Ct. 1999). Such rulings allowed insurers or employers a right of subrogation against a claimant's tort recovery for benefits it paid under the HLA as well as under workers' compensation. In *Oliver*, the Pennsylvania Supreme Court declined to follow these rulings, stating that "Section 25(b) [of Act 44] repealed Sections 1720 of the MVFRL insofar as it related to workers' compensation payments or other benefits under the Workers' Compensation Act . . . By its plain terms, such provision does not impact any anti-subrogation mandates pertaining to HLA benefits." *Oliver*, 11 A.3d at 966 (internal quotation marks omitted). Gizeh Imports avers that *Oliver* bars the City from subrogation of any possible recovery Mr. Mangini may receive for benefits it paid out under the HLA.

5

In response to this, the City makes two arguments for subrogation not found in *Oliver*. The first argument is that "a genuine issue of material fact exists as to whether [the City] is entitled to subrogation to Plaintiff's third party settlement or award pursuant to the 1990 amendment to the [MVFRL]." (Pl.'s Mem. in Resp. 3; *see also* Pl.'s Resp. in Opp. 6, 9-10.) The Court finds this argument unpersuasive. Such an interpretation is incompatible with a plain reading of the post-amendment version of the statute, which states that there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to "benefits paid or payable by *a program, group contract or other arrangement* whether primary or excess under section 1719." 75 Pa. C.S. § 1720 (emphasis added). Moreover, Pennsylvania state courts have held that the post-amendment language of the MVFRL applies to HLA benefits and thus revokes the right of subrogation or reimbursement from a claimant's tort recovery with respect to benefits paid under the HLA. *Stermel*, 103 A.3d at 879 (citing *Fulmer*, 647 A.2d at 618-19). The City also notes a possible factual distinction between the instant matter and *Stermel v. WCAB*, the most recent case in which the Pennsylvania Commonwealth Court found that HLA benefits were not available for subrogation due to the post-amendment version of the MVFRL. The City, however, fails to detail what that factual distinction might be or why it is significant.

Although the City admits that it "only paid Heart and Lung Act benefits for [Mr. Mangini's] work injury," their second contention is that two-thirds of the benefits paid out to Mr. Mangini represent, in truth, workers' compensation benefits. (Pl.'s Mem. in Resp. 4; Pl.'s Resp. in Opp. 11.) In support of this argument the City cites *City of Erie v. W.C.A.B. (Annunziata)*, *Wisniewski v W.C.A.B (City of Pittsburgh)*, and *Bureau of Workers' Compensation v. W.C.A.B. (Excalibur Ins. Mgmt. Service)*. *Annunziata*, 838 A.2d 598 (Pa. 2003); *Wisniewski*, 621 A.2d 1111 (Pa. Commw. Ct. 1993); *Excalibur*, 32 A.3d 291 (Pa. Commw. Ct. 2011). None of these

6

cases, however, involve subrogation or the MVFRL but concern interpretation of only the Workers' Compensation Act and the HLA. *See Stermel*, 103 A.3d at 885 (distinguishing *Wisniewski* and *Excalibur* as cases decided solely under the Workers' Compensation Act and not the MVFRL). In contrast, the instant matter does invoke the MVFRL, which "prohibits a plaintiff from including as an element of damages" payments received as workers' compensation benefits or other "benefits paid or payable by a program, group contract or other arrangement" *Stermel*, 103 A.3d at 885; 75 Pa. C.S. § 1720. The Pennsylvania Supreme Court has held that Section 25(b) of Act 44 only removed this restriction for workers' compensation benefits. *Oliver*, 11 A.3d at 965-66. Additionally, as noted above, Pennsylvania courts have ruled that the post-amendment version of the MVFRL covers benefits paid under the HLA. *Stermel*, 103 A.3d at 879 (citing *Fulmer*, 647 A.2d at 618-19). Here, Mr. Mangini's Notice of Compensation Payable states plainly that he was "receiving heart and lung benefits in lieu of workers compensation." (Pl.'s Mem. in Resp., Ex. B.) Thus, because Mr. Mangini was compensated by the City he suffered no actual loss of income and as the City paid out only benefits for lost income to Mr. Mangini under the HLA it has no right of subrogation.

## V. CONCLUSION

For the reasons set forth above, the Court will grant the Defendant Gizeh Imports' Motion for Partial Summary Judgment. An appropriate order follows.